**WO**                                                                                                          JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacey Suzanne Gruenberg,    ) | No. CV 06-0397-PHX-SMM (DKD) |
| Plaintiff,    ) | **ORDER** |
| vs.    ) | |
| Maricopa County Sheriff's Office, et al.,    ) | |
| Defendants.    ) | |

In this civil rights action brought by a former county jail inmate, Defendants moved to dismiss for lack of exhaustion (Doc. #23). Plaintiff responded, and Defendants replied (Doc. ##28, 30). The Court will deny Defendants' motion.

**I. Background**

Plaintiff's First Amended Complaint set forth allegations of constitutional violations by Sheriff Joseph Arpaio and Officer Bustamonte[1] (Doc. #15). Plaintiff alleged that due to overcrowding at the jail, she was confined in a two-inmate cell with three other inmates (Id. at 4). She claimed that one cellmate assaulted her and, although she begged Bustamonte for help and a nurse asked that Plaintiff be removed from the cell, Bustamonte walked away and left Plaintiff in the cell for 10-15 minutes during which time Plaintiff was further assaulted

---

[1] Upon screening of the original Complaint, the Court dismissed the Maricopa County Sheriff's Office as a Defendant (See Order, Doc. #12).

(Id.). Plaintiff alleged that Arpaio was aware of the overcrowding but failed to take steps to ensure the safety of inmates, and that Bustamonte failed to take steps to protect Plaintiff from further assault (Id.). The Court ordered Defendants to answer and they filed a Motion to Dismiss (Doc. ##16, 23).

In their motion, Defendants contended that Plaintiff failed to exhaust her administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Doc. #23). In support, Defendants submitted the affidavit of Susan Fisher, a Sergeant with the Inmate Hearing Unit (Ex. 1, Doc. #23). Fisher attested that inmates are notified of the grievance procedures when they receive a copy of the "Rules and Regulations For Inmates" (Fisher Aff. ¶ 5). Fisher further attested that she searched the inmate grievance records maintained by the sheriff's office and found that there were no grievances filed by Stacey S. Gruenberg, #P135197, during her incarceration at the jail (Id. ¶ 7). Defendants also submitted a copy of the Inmate Grievance Procedure, Policy DJ-3, and a copy of two pages from the "Rules and Regulations For Inmates" (Exs. A-B, Doc. #23).

The Court issued an order informing Plaintiff of her obligation to respond and of the evidence necessary to successfully rebut Defendants' contentions (Doc. #24). In response, Plaintiff asserted that she did exhaust her administrative remedies (Doc. #28). Plaintiff stated that she submitted an Inmate Grievance Form on the day of her injuries. She explained that the grievance went to the Bureau Hearing Officer and then to an Internal Appeal. Plaintiff attached an affidavit in which she avowed that she filed a grievance and appealed it to the External Referee (Pl. Aff., Doc. #28). Plaintiff stated that her appeal was forwarded to the External Referee just before her release from jail. Finally, Plaintiff denied that her booking number at the time of the underlying incident was #P135197 and asserted that her grievance and appeals were submitted under a previous booking number (Doc. #28 at 2-3).

Defendants replied and argued that Plaintiff's response failed to address whether she complied with the requirements of the PLRA (Doc. #30). Defendants contended that Plaintiff cannot prove that the jail's grievance system does not address the concerns related to jail conditions, such as overcrowding (Id. at 3).

## II. Legal Standard

Plaintiff must first exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). She must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. Jones v. Bock, 127 S. Ct. 910, 919-21 (2007). Defendants bear the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. Id. at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation omitted).

## III. Analysis

As stated, Defendants bear the burden of proving lack of exhaustion. See Wyatt, 315 F.3d at 1119. Although Defendants demonstrated that a grievance system exists at the jail, they failed to proffer any evidence refuting Plaintiff's claim that Defendants' search for her grievances was conducted under the wrong booking number.

Plaintiff proffered an affidavit attesting that she grieved her claims all the way through to the final step of the grievance process (Pl. Aff., Doc. #28). She further claimed that the booking number Fisher used in the search of inmate grievance records was the incorrect booking number. In their reply, Defendants did not address this allegation. Instead, they reasserted their reliance on Fisher's search of the sheriff's office records to support their argument. The only other evidence submitted by Defendants shows that a grievance system was available at the jail, which Plaintiff conceded. In light of Plaintiff's unrebutted claim

that the records search used the incorrect booking number and was therefore unreliable, Defendants have failed to carry their burden to demonstrate nonexhaustion. Accordingly, Defendants' motion will be denied.

**IT IS ORDERED** that Defendants' Motion to Dismiss (Doc. #23) is **denied** without prejudice.

DATED this 13th day of March, 2007.

Stephen M. McNamee
United States District Judge