**WO** JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacey Suzanne Gruenberg, ) | No. CV 06-0397-PHX-SMM (DKD) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Maricopa County Sheriff's Office, et al., ) | |
| Defendants. ) | |

Before the Court is Defendants' Motion for Summary Judgment, which was filed on August 20, 2007 (Doc. #59). There was no response to the motion. Defendants then notified the Court that the Arizona Department of Corrections (ADC) informed them that Plaintiff died on July 13, 2007 (Doc. #69). Because there has not been a formal suggestion of death submitted by Defendants, the summary judgment motion will be denied without prejudice.

## I.     Background

Plaintiff brought this civil rights action under 42 U.S.C. § 1983 against Maricopa County Sheriff Joseph Arpaio and Officer Bustamonte (Doc. #15).[1] Plaintiff alleged that the county jail was overcrowded and that Defendants failed to protect her from assault by another inmate (id.).

---

[1] Upon screening of the original Complaint, the Court dismissed the Maricopa County Sheriff's Office as a Defendant (Doc. #12).

After the Court denied Defendants' Motion to Dismiss, Defendants filed an Answer (Doc. ##34-35). The Court then issued a Scheduling and Discovery Order, and Defendants submitted their Motion for Summary Judgment (Doc. ##37, 59). The Court issued the notice required under Rand v. Rowland, 154 F.3d 952, 962 (9th Cir. 1998), which informed Plaintiff of her obligation to respond to the summary judgment motion (Doc. #62).

Shortly thereafter, Defendants filed a notice with the Court explaining that the copy of the Motion for Summary Judgment mailed to Plaintiff was returned in the mail and that a query of the ADC website indicated that Plaintiff was deceased (Doc. #63). The Court directed Defendants to advise the Court as to their efforts to locate Plaintiff's next of kin for the purposes of serving a notice of suggestion of death pursuant to Federal Rule of Civil Procedure 25 (Doc. #65). In response, Defendants filed a notice stating that they were informed that there is ongoing investigation of Plaintiff's July 13, 2007 death and that Defendants do not have any records indicating the names or addresses of next of kin (Doc. #69).

**II.     Federal Rule of Civil Procedure 25**

Rule 25(a)(1) provides that if a party dies, unless substitution is made within 90 days of the service of a suggestion of death, the action shall be dismissed as to the deceased party. Fed. R. Civ. P. 25(a)(1). The objective of the suggestion of death set forth in Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim. Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985). The Rule establishes a procedure that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by permitting substitution for the deceased party without unduly burdening the surviving party. Barlow v. Ground, 39 F.3d 231, 233-34 (9th Cir. 1994).

Under Rule 25(a)(1), a party must (1) formally suggest the death of the party upon the record and (2) serve the nonparty representatives of the deceased party with the suggestion of death in the manner provided in Federal Rule of Civil Procedure 4 for the service of a summons. Id. at 233. The 90-day period in which a motion for substitution can be made is

1 not triggered until both of these steps are taken. Id.

2 To date, Defendants have not filed a formal suggestion of death on the record under 3 Rule 25(a)(1). The Court will therefore direct Defendants to obtain the necessary 4 information from the ADC for the purposes of filing a formal suggestion of death and serving 5 the nonparties pursuant to Rules 4 and 25.

6 The Motion for Summary Judgment will be denied without prejudice to permit refiling 7 pending compliance with Rule 25(a)(1). Accordingly,

8 **IT IS HEREBY ORDERED:**

9 (1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion for 10 Summary Judgment (Doc. #59).

11 (2) Defendants' Motion for Summary Judgment (Doc. #59) is **denied** without 12 prejudice.

13 (3) Within 45 days from the date of this Order, defense counsel shall file either:

14 (a) a proof of service reflecting proper service, in accordance with Rules 4 and 15 25, of the notice of suggestion of death on Plaintiff's successor or 16 representative;

17 **OR,** if counsel is unable to effect service,

18 (b) a declaration describing the efforts made to comply with this Order.

19 DATED this 13th day of February, 2008.

_____
Stephen M. McNamee
United States District Judge

- 3 -