**WO**                                                                                                                   JDN

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stacey Suzanne Gruenberg, | No. CV 06-0397-PHX-SMM (DKD) |
| Plaintiff, | **ORDER** |
| v. | |
| Maricopa County Sheriff's Office, et al., | |
| Defendants. | |

Plaintiff Stacey Suzanne Gruenberg was a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. The action has been pending since February 2006. (See Doc. #1.) On September 13, 2007, Defendants notified the Court that Plaintiff was deceased, and later confirmed that she died on July 13, 2007. (Doc. ##63, 69.) The Court issued an Order notifying Defendants that the 90-day period set forth in Federal Rule of Civil Procedure 25 had not been triggered by their notice because it did not constitute a formal suggestion of death. (Doc. #70.)

Rule 25(a)(1) provides that if a party dies, unless substitution is made within 90 days of the service of a suggestion of death, the action shall be dismissed as to the deceased party. Fed. R. Civ. P. 25(a)(1). The objective of the suggestion of death set forth in Rule 25(a)(1) is to alert nonparties to the consequences of the death of a party in a pending lawsuit so that they may act if they desire to preserve the decedent's claim. Fariss v. Lynchburg Foundry, 769 F.2d 958, 962 (4th Cir. 1985). The Rule establishes a procedure that protects those who have an interest in the litigation and the authority to act on behalf of the decedent by

permitting substitution for the deceased party without unduly burdening the surviving party. Barlow v. Ground, 39 F.3d 231, 233-34 (9th Cir. 1994).

Under Rule 25(a)(1), a party must (1) formally suggest the death of the party upon the record and (2) serve the nonparty representatives of the deceased party with the suggestion of death in the manner provided in Federal Rule of Civil Procedure 4 for the service of a summons. Id. at 233. The 90-day period in which a motion for substitution can be made is not triggered until both of these steps are taken. Id.

Pursuant to the Court's Order, defense counsel submitted an affidavit describing her efforts to obtain information on Plaintiff's successor or representative from the Arizona Department of Corrections (ADC) for the purpose of effecting proper service under Rule 25 and Rule 4. (Doc. #71.) Defense counsel attests that no next-of-kin or representative can be identified. (Id., Brandon Aff. ¶ 3, Ex. B.)

There appears to be no Ninth Circuit case law applying Rule 25 in those instances when no nonparty representatives can be ascertained and thereby served with the notice of suggestion of death. Because that was not the situation in Barlow, the Court declined to address it. Barlow, 39 F.3d at 234. Some courts have held that the suggestion of death must include the identity of the representative only when the notice is filed by the representative or successor of the estate; it does not apply when another party to the action files and serves the notice. In re Cardoza, 111 B.R. 906, 909 (S.D. Cal. 1990); Yonofsky v. Wernick, 362 F. Supp. 1005, 1012 (S.D.N.Y. 1973). The Fourth Circuit, however, requires that in cases where it may be difficult to ascertain who the appropriate party is, the surviving party should shoulder some of the burden in determining who to serve under Rule 25, rather than letting the absence of notice cause the action to terminate. Fariss, 769 F.2d at 962.

One out-of-circuit district court found that due to the difficulty in finding a representative who could be appointed where a *pro se* prisoner-plaintiff died, the defendants were only required to serve the statement of death upon the deceased prisoner at his last known correctional facility address to trigger the 90-day period. Chobot v. Powers, 169 F.R.D. 263, 267 (W.D.N.Y. 1996). The district court held that requiring defendants to do

more would be unduly burdensome. Id. (citing Mullane v. Central Hanover Bank and Trust Co., 339 U.S. 306, 317-18 (1950) ("impracticable and extended searches are not required in the name of due process").

Here, Defendants were required to take on some burden in locating Plaintiff's representative or successor. (See Doc. #70.) Their inquires to the ADC have failed to reveal any next-of-kin or an executor of Plaintiff's estate. (Doc. #71.) The Court will not require Defendants to do more.

Because more than 6 months have elapsed since Defendants noticed the Court of Plaintiff's death (Doc. #69), and because Plaintiff died approximately 10 months ago and there has been no inquiry into the case by a potential successor, the Court will dismiss the action under Rule 25(a). But given the circumstances, which include the inability to locate a representative and the lack of an adjudication on the merits, the dismissal will be without prejudice. Cf. Ahmed v. United States, 147 F.3d 791, 797 (8th Cir. 1998) (noting that dismissal for lack of subject matter jurisdiction must be without prejudice because it does not involve an adjudication on the merits).

**IT IS ORDERED** that this action is dismissed without prejudice under Federal Rule of Civil Procedure 25(a). The Clerk of Court must enter judgment accordingly.

DATED this 6th day of May, 2008.

Stephen M. McNamee
United States District Judge